1

2  **MESSRELIAN LAW INC.**
   Harout Messrelian, Esq., SBN 272020
3  500 N. Central Ave., Suite 840
   Glendale, California 91203
4  Telephone: (818) 484-6531
   Facsimile:  (818) 956-1983
5

6  **LAW OFFICES OF SEVAG NIGHOGOSIAN**
   Sevag Nigoghosian, Esq. SBN 224928
7  500 N. Central Ave., Suite 840
   Glendale, CA 91203
8  Telephone: (818) 956-1111
   Facsimile:  (818) 956-1983
9

10

11  Attorneys for Plaintiff John BP Doe by and through his Guardian Ad Litem,
    Emelia Adorno Mendoza; Giovani Pastrana; Ivan Pastrana; Emelia Adorno
12  Mendoza

13

14                     UNITED STATES DISTRICT COURT

15       CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

16

17  JOHN BP DOE BY AND            )  CASE NO.: 8:20-cv-00462-DOC-KES
    THROUGH HIS GUARDIAN AD       )
18  LITEM, EMELIA ADORNO          )  HONORABLE DAVID O. CARTER
    MENDOZA; GIOVANI              )  COURTROOM 9D
19  PASTRANA; IVAN PASTRANA;      )
    EMELIA ADORNO MENDOZA,        )  **[CORRECTED] THIRD AMENDED**
20                                )  **COMPLAINT FOR DAMAGES:**
                                  )
21              Plaintiffs,       )  **1) ASSAULT AND BATTERY;**
                                  )  **2) NEGLIGENCE;**
22                                )  **3) VIOLATION OF CIVIL**
                                  )     **RIGHTS 42 U.S.C. SECTION**
23          vs.                   )     **1983;**
                                  )  **4) VIOLATION OF CIVIL**
24                                )     **RIGHTS 42 U.S.C. SECTION**
                                  )     **1983, *MONELL***
25  COUNTY OF ORANGE; BRIAN       )  **5) VIOLATION OF CIVIL**
    MURRAY; JOSE TORRES; and      )     **RIGHTS (CAL. CIV. CODE**
26  DOES 1 TO 25, INCLUSIVE,      )     **§52.1)**
                                  )
27                                )
                                  )
28  _____)

Defendants.  )
 )
 )
 )
 )
 )
 )
 )
 )

**6) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMGES

COME NOW Plaintiffs JOHN BP DOE BY AND THROUGH HIS GUARDIAN AD LITEM, EMELIA ADORNO MENDOZA; GIOVANI PASTRANA; IVAN PASTRANA; EMELIA ADORNO MENDOZA (hereinafter collectively "Plaintiffs"), for their Complaint against Defendants COUNTY OF ORANGE; BRIAN MURRAY; JOSE TORRES; and Does 1 to 25 inclusive and allege as follows:

## VENUE AND JURISDICTION

1.  Venue is proper in this District because the underlying acts, omissions, injuries, and related facts and circumstances giving rise to the present action occurred in this District.

2.  The Court has jurisdiction over Plaintiffs federal claims under 42 U.S.C. §1983 pursuant to 28 U.S.C. §§1331, 1334 and 1441. Plaintiffs further invoke pendant jurisdiction of this Court to consider the claims arising under the law.

## PARTIES

3.  Plaintiff, JOHN BP DOE, is and at all times herein mentioned, was a male minor and a resident of the County of Orange, State of California. Plaintiff JOHN BP DOE's mother, Emelia Adorno Mendoza, has requested to be appointed as Plaintiff's Guardian Ad Litem. The name used by JOHN BP DOE in this Complaint is not the actual name of JOHN BP DOE, but is a fictitious name utilized to protect the privacy of JOHN BP DOE, who is a minor.

4.  Plaintiff GIOVANI PASTRANA is and at all times herein mentioned, was a male resident of the County of Orange, State of California.

5.  Plaintiff IVAN PASTRANA is and at all times herein mentioned, was a male resident of the County of Orange, State of California.

6.  Plaintiff EMELIA ADORNO MENDOZA is and at all times herein mentioned, was a female resident of the County of Orange, State of California. Plaintiff EMELIA ADORNO MENDOZA is the mother of Plaintiffs JOHN BP DOE, GIOVANI PASTRANA, and IVAN PASTRANA. Plaintiffs JOHN BP DOE, GIOVANI PASTRANA, and IVAN PASTRANA are brothers.

7.  Plaintiffs are informed and believe and, on that basis, allege that Defendant COUNTY OF ORANGE (hereinafter "COUNTY") is, and was at all times mentioned herein, a public entity, municipal corporation and political subdivision, organized and existing as such under the laws of the state of California and owns, operates, manages, directs and controls the ORANGE COUNTY

**THIRD AMENDED COMPLAINT FOR DAMAGES**

SHERIFF'S DEPARTMENT (hereinafter "OCSD"), an operating department of the COUNTY, who provides law enforcement services for Defendant COUNTY. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including OCSD and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of OCSD and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of Does 1-25.

8.  Plaintiffs are informed and believe and, on that basis, allege that Defendant Brian Murray, is and at all times herein mentioned was, a Deputy of the Orange County Sheriff's Department.

9.  Plaintiffs are informed and believe and, on that basis, allege that Defendant Jose Torres, is and at all times herein mentioned was, a deputy of the Orange County Sheriff's Department.

10. Defendants DOES 1-15 ("DOE OFFICERS") are deputies and or officers working for the OCSD. DOE OFFICERS were acting under color of law within the course and scope of their duties as officers/deputies for the OCSD. DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant COUNTY. The use of the term "Defendants" in any of the allegations of this Complaint, unless specifically set forth as otherwise, is intended

**THIRD AMENDED COMPLAINT FOR DAMAGES**

to include and charge both jointly and severally, not only COUNTY but all Defendants designated as Does 1-25 as well.

11. Defendants DOES 16-20 are supervisory officers/deputies of the OCSD who were acting under color of law within the course and scope of their duties as officers/deputies for the OCSD. DOES 16-20 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

12. Defendants DOES 21-25 are managerial, supervisorial, and policymaking employees of the OCSD who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees of the OCSD. DOES 21-25 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

13. DOES 1-25 are sued in their individual capacity and Plaintiffs are informed and believe that DOES 1-25 were, at all times relevant, residents of the County of Orange.

14. In doing the acts and failing and omitting to act as herein described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendants Does 16-25.

15. In doing the acts and failing and omitting to act as herein described, Defendants DOES 1-25 were acting on the implied and actual permission and consent of COUNTY.

16. Plaintiffs are unaware of the true names or capacities of the defendants

**THIRD AMENDED COMPLAINT FOR DAMAGES**

sued herein as DOES 1 to 25, inclusive, and therefore sue said defendants by these fictitious names. Plaintiffs are informed and believe, and upon that basis allege that said defendants are in some manner legally responsible for the injuries and damages to Plaintiffs as alleged herein. Plaintiffs will seek leave to amend this Complaint to allege the true names and capacities of said fictitiously named defendants and the nature of their legal responsibility when the same have been ascertained.

17. At all times mentioned herein, each and every Defendant was the agent of each other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

18. All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

19. Plaintiffs are informed and believe and thereon allege that each Defendant acted under color of law to deprive Plaintiffs of their civil rights as guaranteed by the Unruh Civil Rights Act as annunciated in Cal. Civ. Code §51 et. seq.

20. Plaintiffs are further informed and believe and thereon allege that

**THIRD AMENDED COMPLAINT FOR DAMAGES**

Defendant COUNTY and DOES 1-25 committed, aided, supported, continued and allowed each and every deprivation alleged hereinafter, to the pain and suffering of Plaintiffs.

21. As a proximate cause of the actions or inactions of the known and unknown defendants, and each of them, Plaintiffs suffered serious injury to their body in violation of their civil rights under Cal. Civ. Code §51 et. seq.

## **TORT CLAIM ACT**

22. JOHN BP DOE AND IVAN PASTRANA timely filed a Claim for Damages with the County of Orange on or around May 14, 2019 pursuant to California Government Code Section 911.2. On or around June 17, 2019, Plaintiffs were notified by the County of Orange, County Executive Office that their claim had been rejected. Therefore, JOHN BP DOE and IVAN PASTRANA now have the legal right to file this Complaint.

23. GIOVANI PASTRANA AND EMELIA ADORNO MENDOZA timely filed a Claim for Damages with the County of Orange on or around February 28, 2019 pursuant to California Government Code Section 911.2. On or around August 19, 2019, Plaintiffs were notified by the County of Orange, County Executive Office that their claim had been rejected. Therefore, GIOVANI PASTRANA and EMELIA ADORNO MENDOZA now have the legal right to file this Complaint.

///

///

**THIRD AMENDED COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **GENERAL ALLEGATIONS**

24. On or around November 15, 2018, Plaintiff GIOVANI PASTRANA ("GIOVANI ") was in front of his residence located at 31567 Calle La Purisima, San Juan Capistrano, CA 92675 and was waiting to retrieve his bicycle from his cousin so that GIOVANI could go to work. While in front of his residence, GIOVANI was approached by DOE OFFICERS, specifically an undercover Orange County Deputy Sheriff who questioned GIOVANI about a can of beer on the ground. GIOVANI calmly explained to the DOE OFFICERS that the can of beer is not his and that he does not drink. At this point, the DOE OFFICERS instructed GIOVANI to leave the area. As such, GIOVANI walked towards his residence at which time, the DOE OFFICERS, without provocation, pulled GIOVANI into the street, struck GIOVANI's head, and slammed GIOVANI to the ground where GIOVANI was restrained without handcuffs, causing severe personal injuries to GIOVANI. GIOVANI was unarmed, not acting in a hostile manner, and was not threatening the DOE OFFICERS in any manner. GIOVANI had broken no laws, was not a threat to himself or others, and was not doing anything wrong, nor illegal. No felony, misdemeanor, infraction, or crime of any kind was occurring, nor had been committed by GIOVANI. In dealing with GIOVANI, the DOE OFFICERS 1) showed a clear failure in their training and supervision in responding to this type of situation; 2) were acting based on their training by COUNTY and OCSD; 3) were acting in accordance to existing

unconstitutional policies of COUNTY and OCSD; and 4) as a result caused injuries to Plaintiffs.

25. As GIOVANI was being pulled out into the street for no apparent reason by DOE OFFICERS, Plaintiff EMELIA ADORNO MENDOZA ("EMELIA"), who was home at the time, walked outside of her residence located at 31567 Calle La Purisima in San Juan Capistrano, California and noticed a white man, who was an Orange County deputy sheriff, pulling her son, GIOVANI, away onto the street in an aggressive manner. Upon seeing this, EMELIA, who was unarmed, walked toward the DOE OFFICERS and GIOVANI. At this point, DOE OFFICERS, specifically a shorter Orange County deputy sheriff, inexplicably and without provocation violently pushed EMELIA's body right under her breasts with two hands, causing EMELIA to fall backwards onto the street. Upon hitting the ground, EMELIA felt immediate and excruciating pain to her right upper leg and hip. EMELIA started crying and asked for help. EMELIA was on the ground for a period of 30 to 45 minutes, but no Orange County Deputy Sheriffs came to her aid. Finally, an ambulance arrived, and EMELIA was taken to Mission Hills Hospital to receive treatment for her serious personal injuries. EMELIA was unarmed, not acting in a hostile manner, and was not threatening the DOE OFFICERS in any manner. EMELIA had broken no laws, was not a threat to herself or others, and was not doing anything wrong, nor illegal. No felony, misdemeanor, infraction, or crime of any kind was occurring, nor had been committed by EMELIA. In dealing

**THIRD AMENDED COMPLAINT FOR DAMAGES**

with EMELIA, the DOE OFFICERS 1) showed a clear failure in their training and supervision in responding to this type of situation; 2) were acting based on their training by COUNTY and OCSD; 3) were acting in accordance to existing unconstitutional policies of COUNTY and OCSD; and 4) as a result caused injuries to Plaintiffs.

26. During the incident between GIOVANI and the DOE OFFICERS, JOHN BP DOE and IVAN PASTRANA ("IVAN") were also physically assaulted and tackled to the ground by DOE OFFICERS, causing serious personal injuries. JOHN BP DOE and IVAN were unarmed, not acting in a hostile manner, and were not threatening the deputy sheriff in any manner. JOHN BP DOE and IVAN had broken no laws, were not a threat to themselves or others, and were not doing anything wrong, nor illegal. No felony, misdemeanor, infraction, or crime of any kind was occurring, nor had been committed by JOHN BP DOE and IVAN. In dealing with JOHN BP DOE and IVAN, DOE OFFICERS 1) showed a clear failure in their training and supervision in responding to this type of situation; 2) were acting based on their training by COUNTY and OCSD; 3) were acting in accordance to existing unconstitutional policies of COUNTY and OCSD; and 4) as a result caused injuries to Plaintiffs.

27. Based on the facts readily available and known to COUNTY and DOE

---

OFFICERS, no reasonable conclusion could be drawn that force used was reasonable, as Plaintiffs posed no immediate threat of death or serious bodily injury at the time.

28. In light of the circumstances, no objective facts readily available and known to COUNTY and DOE OFFICERS could have reasonably led the DOE OFFICERS to conclude that Plaintiffs were a threat requiring the use of force.

29. Defendants COUNTY and DOE OFFICERS under color of law intentionally, recklessly, negligently, unlawfully, with malice, fraud, and oppression, violated Plaintiffs' Civil Rights and their rights to be secure in their persons against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30. Plaintiffs further allege that Defendants, with deliberate indifference to and reckless disregard for the safety and well-being of Plainiffs, and in violation of the Fourth, Eighth, and Fourteenth Amendments to the Constitution, committed or allowed to be committed, acts which deprived Plaintiffs of their Constitutional rights.

31. COUNTY and DOE OFFICERS acted with a conscious disregard of PLAINTIFFS' rights conferred upon them by Section 1983 Title 42 of the United States Code, the Fourth Amendment to the United States Constitution, and

California Civil Code Section 3333, by intentionally and unnecessarily causing Plaintiffs great bodily injury and harm.

32. Said conduct of Defendants constitutes malice, oppression and/or fraud entitling Plaintiffs to recover punitive damages against COUNTY and DOE OFFICERS in an amount suitable to punish and set an example of said Defendants.

### FIRST CAUSE OF ACTION
### ASSAULT AND BATTERY
**(All Plaintiffs Against All Defendants)**

33. Plaintiffs reallege, repeat, and incorporate by reference each and every allegation set forth in paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

34. On or around November 15, 2018, Defendant COUNTY through its employees, OCSD and DOES 1-25, pushed and tackled Plaintiffs to the ground, injuring Plaintiffs.

35. On or around November 15, 2018, Defendant COUNTY by and through its employees OCSD and DOES 1-25, intentionally, willfully, wantonly and maliciously threatened to strike and otherwise cause a harmful and/or offensive contact with Plaintiffs' person so as to cause a reasonable apprehension by Plaintiffs of an immediate harmful or offensive contact with their person, without Plaintiffs' consent, causing Plaintiff physical, mental, and/or emotional injuries as alleged herein..

36. On or around November 15, 2018, Defendant COUNTY by and through

**THIRD AMENDED COMPLAINT FOR DAMAGES**

its employees OCSD and DOES 1-25, intentionally, willfully, wantonly and maliciously caused a harmful and/or offensive contact with Plaintiffs' person without Plaintiffs' consent, and as a result thereof an offensive contact with Plaintiffs' person directly resulted, causing Plaintiffs physical, mental, and/or emotional injuries as alleged herein.

37. On information and belief, a reasonable law-enforcement officer would not have pushed, tackled, and used extreme physical force on Plaintiffs under the same circumstances because: a) Plaintiffs posed no real, immediate, or significant threat of death or serious bodily injury to the Orange County Deputy Sheriffs; b) there was no crime at hand and wrongdoing, if any, was not inherently dangerous and was negligible; and c) there were several alternative means of responding to the situation without using the type of physical force used.

38. As a result, the use of force was excessive and objectively unreasonable under the circumstances.

39. Plaintiffs did not consent to the use of such force.

40. The actions of Defendants aroused fear in Plaintiffs and were against their will.

41. As a direct and proximate result of the assault and battery as described above and throughout this Complaint, Plaintiffs suffered physical and mental injuries.

42. As a direct and proximate result of the acts of Defendants, Plaintiffs have

**THIRD AMENDED COMPLAINT FOR DAMAGES**

suffered physical injuries and mental anguish. Plaintiffs require ongoing medical treatment and have incurred costs and will incur costs for said treatments in the future in an amount unknown at this time. Plaintiffs are thereby entitled to general and special damages in an amount to be determined at the time of trial. Plaintiffs have and will continue to suffer severe mental anguish and emotional distress in the form of anxiety, embarrassment, humiliation, loss of sleep, loss of confidence, loss of self-esteem, and general discomfort; have and will incur medical expenses for treatment by health care professionals, and other incidental expenses; and suffer loss of present and future earnings and earnings capacity.

43. The COUNTY is vicariously liable for the wrongful acts of OCSD and DOES 1-25 pursuant to Section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SECOND CAUSE OF ACTION
## NEGLIGENCE
### (All Plaintiffs Against All Defendants)

44. Plaintiff re-alleges, repeats, and incorporates by reference each and every allegation set forth in paragraphs 1 through 43 of this Complaint, as though fully set forth herein.

45. On information and belief, a reasonable law-enforcement officer would

not have pushed, tackled, and used extreme physical force on Plaintiffs under the same circumstances because: a) Plaintiffs posed no real, immediate, or significant threat of death or serious bodily injury to OCSD and DOES 1-25; b) there was no crime at hand and wrongdoing, if any, was not inherently dangerous and was negligible; and c) there were several alternative means of responding to the situation without using the type of physical force used.

46. In committing the acts as described herein, Defendants were negligent, careless, reckless, and/or otherwise failed to meet its duties, non-delegable and otherwise, which they owed to Plaintiffs.

47. At all times material hereto, Defendants knew or should have known that their failure to act reasonably when dealing with Plaintiffs would result in serious bodily injury to Plaintiffs.

48. As a direct and proximate result of the negligent and careless acts described above and throughout this Complaint, Plaintiffs were physically and emotionally harmed.

49. As a direct and proximate result of the acts of Defendants, Plaintiffs have suffered physical injuries and mental anguish. Plaintiffs require ongoing medical treatment and have incurred costs and will incur costs for said treatments in the future in an amount unknown at this time. Plaintiffs are thereby entitled to general and special damages in an amount to be determined at the time of trial. Plaintiffs have and will continue to suffer severe mental anguish and emotional distress in

**THIRD AMENDED COMPLAINT FOR DAMAGES**

the form of anxiety, embarrassment, humiliation, loss of sleep, loss of confidence, loss of self-esteem, and general discomfort; have and will incur medical expenses for treatment by health care professionals, and other incidental expenses; and suffer loss of present and future earnings and earnings capacity.

50. The COUNTY is vicariously liable for the wrongful acts of the Orange County Deputy Sheriffs pursuant to Section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## THIRD CAUSE OF ACTION
## EXCESSIVE FORCE, 42 U.S.C. §1983
### (All Plaintiffs Against Defendants Jose Torres, Brian Murray and Doe Officers)

51. Plaintiffs re-allege and incorporate by reference each and every allegation in paragraphs 1 through 50, inclusive, of this Complaint as though fully set forth herein.

52. Defendants Jose Torres, Brian Murray and DOE OFFICERS used unnecessary and excessive force against Plaintiffs, including, but not limited to attacking, hitting, punching, slamming to the ground, Plaintiffs, without justification, depriving Plaintiffs of their right to be secure in their person as guaranteed by the Fourth Amendment to the United States Constitution and applied to the state actors by the Fourteenth Amendment, and further deprived Plaintiffs of

due process as guaranteed to them under the Fourteenth Amendment to the United States Constitution. Defendants Jose Torres, Brian Murray and DOE OFFICERS acted under color of law at all times relevant to this Complaint.

53. Without cause or justification, and acting under color of law, Defendants Jose Torres, Brian Murray and DOE OFFICERS, and each of them, intentionally and maliciously deprived Plaintiffs of their rights secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants Jose Torres, Brian Murray and DOE OFFICERS subjected Plaintiffs to unreasonable, unnecessary and excessive force during their encounter with Plaintiffs even though no strong governmental interest compelled the need for the officers to use force and especially the type of force used.

54. Defendants Jose Torres, Brian Murray and DOE OFFICERS used force during their encounter with Plaintiffs by pushing, tackling, and slamming Plaintiffs to the ground and were acting under color of law at all times relevant herein.

55. On information and belief, a reasonable law-enforcement officer would not have pushed, tackled, and used extreme physical force on Plaintiffs under the same circumstances because: a) Plaintiffs posed no real, immediate, or significant threat of death or serious bodily injury to the Defendants Jose Torres, Brian Murray and DOE OFFICERS; b) there was no crime at hand and wrongdoing; and c) there were several alternative means of responding to the situation without using the type of physical force used.

56. As a result, the use of force was excessive and objectively unreasonable under the circumstances. The force used was also performed with a deliberate indifference to the safety and welfare of Plaintiffs. Defendants Jose Torres, Brian Murray and DOE OFFICERS deprived Plaintiffs of their right to be free from the use of excessive force by law enforcement and their right to be protected by law enforcement, rather than attacked by it.

57. At all times material hereto, Defendants Jose Torres, Brian Murray and DOE OFFICERS knew or should have known that their actions while encountering Plaintiffs was overreaching, unreasonable, and would result in serious bodily injury and emotional distress and/or mental anguish to Plaintiffs. In dealing with Plaintiffs, Defendants Jose Torres, Brian Murray and DOE OFFICERS 1) showed a clear failure in their training and supervision in responding to this type of situation; 2) were acting based on their training by COUNTY; 3) were acting in accordance to and in order to advance existing unconstitutional policies of COUNTY; and 4) as a result caused injuries to Plaintiffs. Further, Defendants Jose Torres, Brian Murray  and DOE OFFICERS' conduct and use of force violated standard police officer training.

58. As a direct and proximate result of the acts of Defendants, Plaintiffs have suffered physical injuries and mental anguish. Plaintiffs require ongoing medical treatment and have incurred costs and will incur costs for said treatments in the future in an amount unknown at this time. Plaintiffs are thereby entitled to general

and special damages in an amount to be determined at the time of trial. Plaintiffs have and will continue to suffer severe mental anguish and emotional distress in the form of anxiety, embarrassment, humiliation, loss of sleep, loss of confidence, loss of self-esteem, and general discomfort; have and will incur medical expenses for treatment by health care professionals, and other incidental expenses; and suffer loss of present and future earnings and earnings capacity.

59. The conduct of Defendants Jose Torres, Brian Murray and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants Jose Torres, Brian Murray and DOE OFFICERS.

60. As a further result of the foregoing, Plaintiffs are entitled to recover reasonable costs and attorney fees under 42 U.S.C. §1988.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1983 – *MONNEL* CLAIM**
**(All Plaintiffs against COUNTY and DOES 16-25)**

61. Plaintiffs re-allege and incorporate by reference each and every allegation in paragraphs 1 through 60, inclusive, of this Complaint as though fully set forth herein.

62. Defendants DOE OFFICERS acted under color of law.

63. The acts of DOE OFFICERS deprived Plaintiffs of their particular rights under the United States Constitution.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

**RATIFICATION**

64.Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE OFFICERS, ratified DOE OFFICERS' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of DOE OFFICERS' acts.

65. Upon information and belief, a final policymaker has determined that the acts of DOE OFFICERS were "within policy".

66. On information and belief, DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with this incident as described above.

**FAILURE TO TRAIN**

67. The training policies of COUNTY were not adequate to train DOE OFFICERS to handle the usual and recurring situations with which they must deal.

68. Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

69. The failure of COUNTY to provide adequate training caused the deprivation of the rights of Plaintiffs by DOE OFFICERS; that is, the COUNTY's failure to train is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

**UNCONSTITUTIONAL CUSTOM OR POLICY**

**THIRD AMENDED COMPLAINT FOR DAMAGES**

70. On information and belief, DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with this incident as described above.

71. Defendants COUNTY and DOES 16-25, together with other COUNTY policymakers and supervisors, maintained, inter alia, unconstitutional customs, practices, and policies, including but not limited to the following:

a)  Using excessive force, including excessive deadly force;

b)  Providing inadequate training regarding the use of force;

c)  Employing and retaining as officers/deputies such as DOE OFFICERS, whom COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

d)  Inadequately supervising, training, controlling, assigning, and disciplining officers/deputies and other personnel, including DOE OFFICERS, whom County and DOES 16-25 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

e)  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by OCSD officers/deputies;

f)  Failing to adequately discipline OCSD officers/deputies for the above referenced categories of misconduct, including "slaps on the wrist", discipline that is so slight as to be out of proportion to the magnitude of the misconduct and other inadequate discipline that is tantamount to encouraging misconduct;

g)  Announcing that unjustified shootings are within policy including shootings that were later determined in court to be unconstitutional;

h)  Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

i)  Encouraging, accommodating, or facilitating a "blue code of silence", "blue shield" "blue wall" "blue curtain" or simply "code of silence" pursuant to which officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police misconduct, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in misconduct that deprives people of their constitutional rights.

72. The aforementioned unconstitutional customs, practices, and policies, in addition to the ratification of the deficient customs, practices, and policies are evidenced by the number of prior cases in which a jury has found force used by an OCSD officer/deputy working for the COUNTY to be excessive and unreasonable.

73. COUNTY and DOES 16-25 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

74. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, COUNTY and DOES 16-25 acted with intentional, reckless and callous disregard for the constitutional rights of Plaintiffs. Furthermore, the policies, practices, and customs implemented maintained and still tolerated by COUNTY and DOES 16-25 were affirmatively linked to and were a significant influential force behind the injuries of Plainitffs.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

75. By reason of the aforementioned acts and omissions (ie. ratification, failure to train, and unconstitutional customs and policies) Plaintiffs have suffered damages. Accordingly, COUNTY and DOES 16-25 are each liable to Plaintiffs for compensatory damages under 42 USC Section 1983.

76. Defendant COUNTY through the OCSD and DOES 1 to 25 as a matter of custom, practice and policy, failed to adequately protect the rights of Plaintiffs. Furthermore, under *Monell v Department of Social Services*, 436 U.S.658 (1978), COUNTY and DOES 16-25 are liable under 42 U.S.C. §1983 because the DOE OFFICERS 1) showed a clear failure in their training and supervision in responding to this type of situation; 2) were acting based on their training by COUNTY; 3) were acting in accordance to and in order to advance existing unconstitutional policies of COUNTY; and 4) as a result caused injuries to Plaintiffs.

77. The conduct alleged herein violated Plaintiffs' rights alleged above which has legally, proximately, foreseeably, and actually caused Plaintiffs to suffer general and special damages according to proof at the time of trial.

78. Plaintiffs are also entitled to recover reasonable costs and attorney fees under 42 U.S.C. Section 1988.

## FIFTH CAUSE OF ACTION
## VIOLATION OF BANE ACT, CALIFORNIA CIVIL CODE §52.1
### (All Plaintiffs against all defendants)

79. Plaintiffs re-allege and incorporate by reference each and every allegation

in paragraphs 1 through 78, inclusive, of this Complaint as though fully set forth herein.

80. California Civil Code, Section 52.1 also known as the Bane Act, prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights. Moreover, "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under section 52.1." *Chaudry v. City of Los Angeles*, 751 F.3d 1096, 1105-1106 (9th Cir. 2014) *citing Cameron v. craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under section 52.1 are the same as un section 1983."); *Bender v County of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure] - when accompanied by unnecessary, deliberate and excessive force – is [] within the protection of the Bane Act").

81. On information and belief, DOE OFFICERS, while working for the COUNTY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Plaintiffs and deprived them of their constitutional rights.

82. Defendant COUNTY through the DOE OFFICERS acting within the course and scope of their official duties, interfered with or attempted to interfere with the rights of Plaintiffs to be free from unreasonable excessive force by threatening or committing acts involving violence, coercion, or intimidation, including but not

limited to striking, pushing, slamming to the ground Plaintiffs and causing them injuries and damages. COUNTY's acts were done under color of law in order to interfere with PLAINTIFF's enjoyment of their constitutional rights.

83. On information and belief, Plaintiffs reasonably believed that if they exercised their constitutional rights to be free from unreasonable excessive force, Defendant COUNTY and DOE OFFICERS would not commit acts involving violence, threats, coercion or intimidation against their person.

84. Defendant COUNTY and DOE OFFICERS, injured Plaintiffs, to prevent Plaintiffs from exercising their rights or to retaliate against Plaintiffs for having exercised their rights.

85. As a direct and proximate result of the acts of Defendants, Plaintiffs have suffered physical injuries and mental anguish. Plaintiffs require ongoing medical treatment and have incurred costs and will incur costs for said treatments in the future in an amount unknown at this time. Plaintiffs are thereby entitled to general and special damages in an amount to be determined at the time of trial. Plaintiffs have and will continue to suffer severe mental anguish and emotional distress in the form of anxiety, embarrassment, humiliation, loss of sleep, loss of confidence, loss of self-esteem, and general discomfort; have and will incur medical expenses for treatment by health care professionals, and other incidental expenses; and suffer loss of present and future earnings and earnings capacity.

86. The COUNTY and DOES 16-25 are vicariously liable for the wrongful acts

**THIRD AMENDED COMPLAINT FOR DAMAGES**

of the DOE OFFICERS pursuant to Section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

87. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiffs' rights, justifying an award of exemplary damages as to Defendant DOES 16-25 and DOE OFFICERS.

88. Defendants' violation of Plaintiffs' rights as guaranteed by California Civil Code Section 52.1 entitles Plaintiffs to recover reasonable costs and attorneys fees under California Civil Code Section 52.1, subdivision (h), 52(b)(3).

**SIXTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(All Plaintiffs against all defendants)**

89. Plaintiffs re-allege and incorporate by reference each and every allegation in paragraphs 1 through 88, inclusive, of this Complaint as though fully set forth herein.

90. On information and belief, a reasonable law-enforcement officer would not have pushed, tackled, and used extreme physical force on Plaintiffs under the same circumstances because: a) Plaintiffs posed no real, immediate, or significant threat of death or serious bodily injury to DOE OFFICERS; b) there was no crime at hand and wrongdoing, if any, was not inherently dangerous and was negligible;

**THIRD AMENDED COMPLAINT FOR DAMAGES**

and c) there were several alternative means of responding to the situation without using the type of physical force used.

91. Defendants COUNTY DOES 16-26 and DOE OFFICERS, owed a duty to act reasonably and to not cause injuries, physical and emotional, to Plaintiffs. In committing the acts as described herein, Defendants COUNTY DOES 16-26 and DOE OFFICERS, were negligent, careless, reckless, and/or otherwise failed to meet its duties, non-delegable and otherwise, which they owed to Plaintiffs.

92. At all times material hereto, Defendants knew or should have known that their failure to act reasonably when dealing with Plaintiffs would result in serious bodily injury and emotion injuries to Plaintiffs.

93. Plaintiffs were all family members and were present at the scene at the time and were aware that each family member was being attacked by the DOE OFFICERS.

94. As a result of seeing their family members injured, Plaintiffs have suffered serious emotional distress, including, but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, depression, and shock.

95. Defendants' actions, as described above, was a substantial factor in causing Plaintiffs' serious emotional distress.

96. Plaintiffs are informed and believe that the conduct of Defendants and Plaintiffs' injuries resulted from and arose directly out of DOE OFFICERS' employment with OCSD and COUNTY. DOE OFFICERS' conduct was motivated

and arose, in whole or in part, by a desire to serve COUNTY. The COUNTY and DOES 16-25 are vicariously liable for the wrongful acts of the DOE OFFICERS pursuant to Section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

97. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiffs have been caused to and did in fact suffer severe and extreme mental and emotional distress, including but not limited to, anguish, humiliation, embarrassment, loss of confidence, fright, depression, and anxiety, the exact nature and extent of which are not now known to them, but in an amount to be proved at trial.

### SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(All Plaintiffs against All Defendants)**

98. Plaintiffs re-allege and incorporate by reference each and every allegation in paragraphs 1 through 97, inclusive, of this Complaint as though fully set forth herein.

99. Defendant DOE OFFICERS's actions as described elsewhere in this complaint were objectively extreme, outrageous and intentional behavior. DOE OFFICERS acted with reckless disregard of the probability that their conduct would cause Plaintiffs severe emotional distress.  The aforementioned conduct is

so extreme as to "exceed all bounds of decency usually tolerated in a civilized society."

100.     DOE OFFICERS were acting within the course and scope of their employment and/or agency with Defendant COUNTY when they engaged in misconduct. Defendant COUNTY is, therefore, vicariously liable for the actions of the Orange County Deputy Sheriffs under principles of respondeat superior.

101.     Defendants were aware that treating Plaintiffs in the manner alleged above

would devastate Plaintiffs and cause Plaintiffs extreme hardship. Defendants' conduct was intended to cause Plaintiffs emotional distress and Defendants acted with reckless disregard to the probability that Plaintiffs would suffer emotional distress.

102. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiffs have been caused to and did in fact suffer severe and extreme mental and emotional distress, including but not limited to, anguish, humiliation, embarrassment, loss of confidence, fright, depression, and anxiety, the exact nature and extent of which are not now known to them, but in an amount to be proved at trial.

103. In doing the acts herein alleged, Defendants and each of them acted with malice and oppression in knowingly, purposefully and intentionally committing the conduct. Said conduct was vile and despicable. Defendants DOE OFFICERS

acted with oppression, malice, and fraud and are therefore liable for punitive damages.

104. Plaintiffs are informed and believe that the conduct of Defendants and Plaintiffs' injuries resulted from and arose directly out of DOE OFFICERS' employment with OCSD and COUNTY. DOE OFFICERS' conduct was motivated and arose, in whole or in part, by a desire to serve COUNTY. The COUNTY and DOES 16-25 are vicariously liable for the wrongful acts of the DOE OFFICERS pursuant to Section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

105. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiffs have been caused to and did in fact suffer severe and extreme mental and emotional distress, including but not limited to, anguish, humiliation, embarrassment, loss of confidence, fright, depression, and anxiety, the exact nature and extent of which are not now known to them, but in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for Judgment against Defendants as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;

**THIRD AMENDED COMPLAINT FOR DAMAGES**

3.  For an award of interest, including prejudgment interest, at the legal rate;

4.  For costs of suit and reasonable attorney fees as provided by law, including, but not limited to 42 U.S.C. Section 1988 and California Civil Code Section 52.1, subdivision (h), 52, subdivision (b)(3);

5.  For punitive damages against the individual defendants in an amount according to proof at trial;

6.  For such other and further relief as the Court deems just and proper.

DATED: December 4, 2020            MESSRELIAN LAW INC.


By /s/harout messrelian
    Harout Messrelian, Esq.
    Attorneys for Plaintiffs


DATED: December 4, 2020            LAW OFFICES OF SEVAG NIGOGHOSIAN


By /s/sevag nigoghosian
    Sevag Nigoghosian, Esq.
    Attorneys for Plaintiffs

**THIRD AMENDED COMPLAINT FOR DAMAGES**

# __DEMAND FOR JURY TRIAL__

Plaintiffs hereby demand, as a matter of right, a trial by jury in this case.

DATED: December 4, 2020          MESSRELIAN LAW INC.


                                By /s/harout messrelian
                                    Harout Messrelian, Esq.
                                    Attorneys for Plaintiffs

DATED: December 4, 2020          LAW OFFICES OF SEVAG NIGOGHOSIAN


                                By /s/sevag nigoghosian
                                    Sevag Nigoghosian, Esq.
                                    Attorneys for Plaintiffs

**THIRD AMENDED COMPLAINT FOR DAMAGES**